# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FACEBOOK, INC., A DELAWARE CORPORATION, AND GUCCI AMERICA, INC., A NEW YORK CORPORATION**<br><br>Plaintiffs,<br><br>vs.<br><br>**NATALIA KOKHTENKO,**<br><br>Defendant. | CASE NO. 21-cv-03036-YGR<br><br>**AMENDED ORDER GRANTING MOTION TO SERVE DEFENDANT BY EMAIL**<br><br>Re: Dkt. Nos. 15 and 18 |

Plaintiffs Facebook, Inc. ("Facebook") and Gucci America, Inc. ("Gucci") (collectively, "Plaintiffs") bring this complaint against Defendant Natalia Kokhtenko ("Defendant"). Plaintiffs assert six causes of action based on defendant's sell of counterfeit Gucci products online: (1) counterfeiting under 15 U.S.C. § 1114(1); (2) trademark infringement under 15 U.S.C. § 1114(1); (3) federal unfair competition under 15 U.S.C. § 1125(a); (4) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.; (5) common law unfair competition; and (6) breach of contract under California law. (Dkt. No. 1.) ("Compl.")

Now before the Court is plaintiffs' motion for leave to serve defendant by email at the email addresses she used in connection with her online businesses. (Dkt. No. 15.)

Having carefully reviewed the record, the papers submitted on the motion, and for the reasons set forth more fully below, the Court **GRANTS** plaintiffs' motion to serve defendant by email.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing set for **AUGUST 3, 2021**.

## I. RELEVANT BACKGROUND

The complaint alleges the following:

Since at least April 2020 and continuing until at least April 2021, defendant used social media sites, Facebook and Instagram, to operate an international online business, where defendant trafficked illegal counterfeit Gucci products and sold them online. Facebook has previously disabled defendant's accounts and removed posts for promoting the sale of counterfeit goods in violation of Facebook's and Instagram's terms and policies. Despite Facebook's efforts, defendant continued to use Facebook and Instagram for illegal purposes.

Facebook brings this action to stop defendant's ongoing violation of Facebook's and Instagram's terms and policies. Gucci brings this action to stop defendant from continuing to use its trademark for counterfeiting.

## II. LEGAL STANDARD

Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). It is left "to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

While Russia is a signatory to the Hague Convention, Russia has suspended all judicial cooperation with the United States in civil and commercial matters. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237–38 (Fed. Cir. 2010).[2] Additionally, Russia does not permit service of documents by mail. *See* The Hague Conf. on Priv. Int'l L., the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Russian Federation, Declarations & Reservations, https://www.hcch.net/en/

---

[2] *See also* U.S. Dep't of State, Bureau of Consular Affairs, Judicial Assistance Country Information (Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last visited July 18, 2021) ("In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention[.]");

1  instruments/ conventions/status-table/notifications/?csid=418&disp=resdn (last visited July 18,
2  2021) ("Service of documents by methods listed in Article 10 of the Convention is not permitted
3  in the Russian Federation."); *see also ThermoLife Int'l, LLC v. Werteks Closed Stock*, No. CV 19-
4  09671 PA (Ex), 2020 WL 6743586, at *2 (C.D. Cal. Apr. 14, 2020); *AMTO, LLC v. Bedford Asset
5  Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) ("[B]efore [its]
6  unilateral suspension, Russia objected to Article 10 of the Hague Convention, and Russia's failure
7  to abide by the Convention . . . does not change the fact that Russia does not agree to service by
8  mail.").

**A.   Analysis**

   *1.   Proposed Method of Service is Not Prohibited by International Agreement*

While Russian prohibits service via mail, the Court is not aware of any international agreement that prohibits service by email. Indeed, courts in this district have allowed plaintiffs to serve summons and complaints by email to Russian parties. *See ThermoLife Int'l, LLC*, 2020 WL 6743586, at *2; *LionHead Glob. No. 2, LLC v. Todd Reed, Inc.*, No. CV 19-7903 PA (AFMx), 2020 WL 4390389, at *3 (C.D. Cal. July 7, 2020); *Epic Games, Inc. v. Mendes*, No. 17-CV-06223-LB, 2018 WL 582411, at *2 (N.D. Cal. Jan. 29, 2018); *Wilens v. Automattic Inc.*, No. 14-CV-02419-LB, 2015 WL 498745, at *5 (N.D. Cal. Feb. 5, 2015). The Court finds that service by email is particularly appropriate here, where plaintiffs have limited means to serve defendant outside of personal service. Accordingly, the Court finds that service on defendant via email is appropriate and not prohibited by international agreement.

   *2.   Proposed Methods of Service are Reasonably Calculated to Provide
        Defendant with Notice of this Action*

Having found that service by email to Russia is not prohibited under an international agreement, the Court next addresses whether email is reasonably calculated to provide defendant with notice of the pending action. Plaintiffs have identified seven email addresses that defendant uses in connection with her online businesses: (1) hermes3355@yandex.ru; (2) erme.su@yandex.ru; (3) romanova.natyla@yandex.ru; (4) nata.flowers20@yandex.ru; (5) info@luxprime.ru; (6) info@brand-msk.ru; and (7) agentromanova@yandex.ru. (Declaration of

3

1  Andrew Herter ("Herter Decl."), ¶ 5.); (Declaration of Caroline Y. Barbee ("Barbee Decl."), ¶¶ 2-
2  4.)  After Facebook deactivated defendant's Facebook and Instagram accounts for violation of the
3  terms and policies, defendant submitted appeals listing the first four email addresses listed above.
4  (Herter Decl., ¶ 5.)  Defendant lists the last three emails on her online websites for her businesses.
5  (Barbee Decl., ¶¶ 2-4.)

      Here, because defendant has provided plaintiffs with the first three emails in connection with her appeals, the Court concludes that, under the circumstances, service by email to those email addresses is reasonably calculated to provide defendant of notice of the pending lawsuit. The Court also finds service to the last three emails appropriate because those emails are being used in connection with defendant's online businesses; it is more likely than not that someone is monitoring those email addresses for new purchase orders.  Moreover, plaintiffs' voluntary translation of the relevant documents into Russia also ensures that defendant is provided with adequate notice of this action.

      Accordingly, in light of the foregoing analysis, the Court **GRANTS** the motion for leave to effect alternative service as requested in the motion.

**IT IS SO ORDERED.**

Dated:  August 3, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**